IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| ANTHONY P. MONTALBANO, SR. | ) | Case No. 09 B 30477 |
| | ) | |
| Debtor. | ) | Honorable Susan Pierson Sonderby |

## NOTICE OF MOTION

To: Attached Service List

    **PLEASE TAKE NOTICE** that on Wednesday, the 20th day of January, 2010, at the hour of 10:00 a.m., we shall appear before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge for the Northern District of Illinois, or any Judge sitting in her place and stead, in courtroom 642 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR, AS MANAGER, MANAGING-MEMBER OR PRINCIPAL OFFICER OF VARIOUS DEBTOR-CONTROLLED ENTITIES, TO EFFECTUATE DEED-IN-LIEU OF FORECLOSURE AGREEMENTS AND/OR TO ENTER INTO CONSENT FORECLOSURE ARRANGEMENTS** (the "Motion"), a copy of which is attached hereto and hereby served upon you.

                                     HOWARD L. ADELMAN, ESQ. (ARDC #0015458)
                                     HENRY B. MERENS, ESQ. (ARDC #6181695)
                                     STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
                                     ADELMAN & GETTLEMAN, LTD.
                                     53 West Jackson Boulevard, Suite 1050
                                     Chicago, Illinois 60604
                                     312/435-1050

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of this Notice of Motion and the Motion referred to herein have been served upon the persons listed on the attached service list as indicated on the 13th day of January, 2010.

                                           /s/ Henry B. Merens
                                              Henry B. Merens, Esq.

85702.1 1/13/10

## SERVICE LIST

**VIA ECF**

William T. Neary, Esq.
United States Trustee
219 S. Dearborn Street, Suite 873
Chicago, Illinois 60604
312-886-5794 (fax)
Email: USTPRegion11.ES.ECF@usdoj.gov

Michael A. Axel, Esq.
KeyBank National Association
127 Public Square, Second Floor
Cleveland, OH 44114
216-689-4959 (fax)
Email: michael_axel@keybank.com
maaxel2003@yahoo.com

Ronald Barliant, Esq.
Goldberg, Kohn, Bell & Black
55 East Monroe Street, Suite 3300
Chicago, IL 60603
312 332-2196 (fax)
Email: ronald.barliant@goldbergkohn.com

Courtney E. Barr, Esq.
Locke Lord Bissell & Liddell LLP
111 S. Wacker Dr.
Chicago, IL 60606
312-443-0653
Email: cbarr@lockelord.com
docket@lockelord.com

Leslie Allen Bayles, Esq.
Bryan Cave, LLP.
161 N. Clark St., Suite 4300
Chicago, IL 60601
312-602-5050 (fax)
Email: leslie.bayles@bryancave.com

Thomas A. Brown, Esq.
Swanson & Brown, Ltd.
12600 S. Harlem Ave.. Suite 202
Palos Heights, IL 60463
708-361-1738 (fax)
Email: tabsbltd@aol.com

Kurt M. Carlson, Esq.
Much Shelist
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2200 (fax)
Email: kcarlson@muchshelist.com
dmyer@muchshelist.com

Aaron Davis, Esq.
Bryan Cave LLP
161 N. Clark St. Ste. 4300
Chicago, IL 60601
312-602-5135
Email: aaron.davis@bryancave.com

D R Edwards, Esq.
GoodSmith Gregg & Unruh LLP
150 S. Wacker Drive, Suite 3150
Chicago, IL 60606
312 -322-1981
Email: dredwards@ggulaw.com

Edward P. Freud, Esq.
Ruff, Weidenaar et al
222 North LaSalle Street
Chicago, IL 60601
312 263-1345 (fax)
Email: epfreud@rwrlaw.com

Kenneth S. GoodSmith, Esq.
105 W Adams 26th Floor
Chicago, IL 60603
Email: kgoodsmith@ggulaw.com

Fred R. Harbecke, Esq.
29 South LaSalle Street, Suite 945
Chicago, IL 60603
312 443-9541 (fax)
Email: fredrharbecke@sbcglobal.net

Richard L. Hirsh, Esq.
Richard L Hirsh & Associates PC
1500 Eisenhower Lane, Suite 800
Lisle, IL 60532
630 434-2626 (fax)
Email: bk-lawfirm@sbcglobal.net

Ryan O. Lawlor,, Esq.
Vedder Price P.C.
222 North LaSalle Street
Chicago, IL 60601
312 609-5005 (fax)
Email: r_lawlor@vedderprice.com

Steven A. Levy, Esq.
Goldberg Kohn
55 East Monroe Street, Suite 3300
Chicago, IL 660603
312-201-3965
Email: steven.levy@goldbergkohn.com
bonnie.maciejewski@goldbergkohn.com

Lori A Lewis, Esq.
Snell & Wilmer LLP
One Arizona Center
400 E Van Buren St
Phoenix, AZ 85004-2202
602-382-6070 (fax)
Email: llewis@swlaw.com
       mminnick@swlaw.com
       cbayley@swlaw.com

Eric S. Prezant, Esq.
Bryan Cave, LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
312-602-5050 (fax)
Email: eric.prezant@bryancave.com

James B. Sowka, Esq.
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603
312-460-7325 (fax)
Email: jsowka@seyfarth.com

**VIA MESSENGER DELIVERY**

Kathryn M. Gleason, Esq.
Office of the United States Trustee
219 S. Dearborn St., Room 873
Chicago, IL 60604

Robert Labate, Esq.
Holland & Knight
131 S. Dearborn, 30th Fl
Chicago IL 60603
Fax: (312) 578-6666

**VIA FEDERAL EXPRESS**
**OVERNIGHT DELIVERY**

Department of the Treasury
Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia, PA 19114

Anthony P. Montalbano, Sr.
1916 Midwest Club Parkway
Oak Brook, IL 60523-2525
Fax: (630) 613-2791

Amcore Bank
1033 W. Van Buren Ste 1000
Chicago, IL 60607
Attn: Marilyn Kiefer
Fax: (866) 260-1016

Bank of America
Real Estate Managed Assets
201 E. Washington St.
Phoenix, AZ 85004
Attn: Bankruptcy Department
Fax: (336) 805-1644

Bank of Commerce
171 E. Irving Park Rd
Wood Dale, IL 60191-2023
Attn: Maureen Hannon
Fax: (630) 227-0033

Bank of Lincolnwood
4433 West Touhy Avenue
Lincolnwood, IL 60712
Attn: Judy Lernor
Fax: (630) 928-1479

Cole Taylor Bank
9550 W. Higgins Rd
Rosemont, IL 60018
Attn: Legal Department
Fax: (847) 698-4855

Creative Elegance Millworks
2465 S. 19th Ave, Suite D-9
Phoenix, AZ 85009
Attn: Ryan Horner
Fax: (602) 424-5295

85702.1 1/13/10                                    3

VIA FEDERAL EXPRESS
OVERNIGHT DELIVERY - CONT'D

Custom Systems Integration
10317 N. Scottsdale Road
Scottsdale, AZ 85253
Attn: Eric Hulstedt
Fax: (602) 296-7922

First Bank
2100 S. Elmhurst Rd.
Mount Prospect, IL 60056
Attn: Margaret Griffin
Fax: (847) 437-1530

First Midwest Bank
770 W. Dundee Rd.
Arlington Heights, IL 60004
Attn: Administration
Fax: (815) 774-2497

Guaranty Bank
8333 Douglas Avenue
Suite 1100
Dallas, TX 75225
Attn: Linda Garcia
linda.garcia@guarantybank.com

Hinsdale Bank & Trust Co.
25 W. First St.
Hinsdale, IL 60521
Attn: Legal Department
Fax: (630) 655-8008

Jim Hannon
2215 York Rd, Suite 414
Oak Brook, IL 60523-2335
Fax: 630-571-2124

Key Bank
8117 Preston Rd., Suite 440
Dallas, TX 75225
Attn: Penny Dickson
Fax: (866) 266-9215

Kohler Pools & Spas, LLC
4131 N. 24th St. #205
Phoenix, AZ 85016
Fax: 602-468-3075

MB Financial Bank
6111 North River Road
Rosemont, IL 60018
Attn: Carmela Bellamy
Fax: (847) 653-0099

Palos Bank
12600 S. Harlem Ave.
Palos Heights, IL 60463
Attn: Accounting Department
Fax: (708) 448-9105

RBC Builder Finance
9137 S. Ridgeline Blvd.
Suite 140
Highland Ranch, CO 80129
Attn: John Pike
Fax: (303) 346-3967

Signature Bank
6400 N. Northwest Highway
Chicago, IL 60631
Attn: Jennifer Cortes
Fax: (773) 467-5635

Town Community Bank
41412 North Highway 83
Antioch, IL 60002
Attn: Bruce Gottermeyer
Fax: (847) 838-1245

U.S. Bank National Association
Special Assets Group
777 W. Wisconsin Ave.
MK-WI-J5N
Milwaukee, WI 53202
Attn: Jared Bonow
Fax: (414) 765-4273

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| ANTHONY P. MONTALBANO, SR., | ) | Case No. 09 B 30477 |
| | ) | |
| Debtor. | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | **Hearing Date and Time:** |
| | ) | **January 20, 2010 at 10:00 a.m.** |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTOR, AS MANAGER, MANAGING-MEMBER OR PRINCIPAL
OFFICER OF VARIOUS DEBTOR-CONTROLLED ENTITIES, TO
EFFECTUATE DEED-IN-LIEU OF FORECLOSURE AGREEMENTS
AND/OR TO ENTER INTO CONSENT FORECLOSURE ARRANGEMENTS**

TO:   THE HONORABLE SUSAN PIERSON SONDERBY
      UNITED STATES BANKRUPTCY JUDGE:

NOW COMES, Anthony P. Montalbano, Sr., debtor and debtor in possession herein (the "**Debtor**"), by and through his attorneys, and for his motion (the "**Motion**") for the entry of an order authorizing the Debtor, as the manager, managing member or principal officer of the various entities in which he has a controlling interest, to effectuate deed-in-lieu of foreclosure agreements and/or to enter into consent foreclosure arrangements, respectfully states as follows:

I.      **BACKGROUND**

      A.      **The Chapter 11 Case**

      1.      On August 19, 2009 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of the Code in this District, and from and after said date has continued to

84859.3 1/13/10

operate his properties and manage his affairs as a debtor-in-possession under the supervision of this Court pursuant to Sections 1107 and 1108 of the Code (the "**Chapter 11 Case**").

2. There has not been a trustee or a committee of unsecured creditors appointed in the Chapter 11 Case.

3. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Section 363 of the Bankruptcy Code (the "**Code**") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Rules**").

**B.    The Debtor's Business**

4. The Debtor is a real estate developer who had been successful in building and developing numerous projects and subdivisions in both Illinois and Arizona for over thirty (30) years (the "**Montalbano Projects**"). The Montalbano Projects consist primarily of residential subdivisions in varying stages of completion. The Montalbano Projects are generally owned by various entities in which the Debtor has a controlling interest (the "**Montalbano Entities**").

5. To fund the acquisition and development of the Montalbano Projects, the Montalbano Entities previously obtained financial accommodations (the "**Project Borrowings**").[1] from a number of different lenders (the "**Project Lenders**"). In all, the current outstanding balance of the Project Borrowings total in excess of 100 million dollars. The Debtor

---

[1] The Debtor has invested millions of dollars in the form of capital infusions, contributions and other advances (collectively, the "**Montalbano Advances**") to further the completion of the Montalbano Projects. The Debtor has contributed in excess of approximately Forty Million Dollars ($40,000,000.00) in Montalbano Advances.

has executed personal guaranties pursuant to which he is liable for virtually all of the Project Borrowings (the "**Guaranty Claims**").

6. In the face of the real estate recession which has plagued nearly all developers, many of the Montalbano Projects have suffered critical setbacks. Construction has been interrupted, unit sales have stagnated and funding has dried up. As a result, notwithstanding the efforts of the Debtor to shore up the Montalbano Projects through the Montalbano Advances, the Montalbano Entities were unable to meet debt service obligations and the Project Borrowings are in default.

7. As such, the Debtor could not stave off the various Project Lenders from exercising the rights inuring under their respective loan documents as a result of the defaults that have continued to mount. Consequently, at the time the Debtor initiated the Chapter 11 Case, numerous lawsuits and foreclosure proceedings (the "**Project Foreclosures**") had been commenced against both the Debtor and the Montalbano Entities.

## II. RELIEF SOUGHT

### A. DIL/CF Transactions

8. Since the Petition Date, the Debtor has remained in contact with a number of the Project Lenders concerning the completion of the Montalbano Projects and the resolution of the Project Borrowings. In response, several of the Project Lenders have expressed an interest in releasing the Guaranty Claims in exchange for expediting, or obviating the need for, the Project Foreclosures by taking deeds-in-lieu of foreclosure (the "**DIL**") or entering into consent foreclosures (the "**CF**")(collectively, the "**DIL/CF Transactions**").

9. The Debtor believes it is in the best interest of his estate and his creditors to pursue the DIL/CF Transactions. The Guaranty Claims total in the tens of millions of dollars.

Moreover, most of the Montalbano Entities are single purpose entities with no assets or other operations to speak of other than the projects themselves. Under these circumstances, the DIL/CF Transactions make perfect sense. The Project Lenders will be able to realize upon their collateral in summary fashion while the estate will benefit from the elimination of what will hopefully be a significant portion of the Guaranty Claims.

10.     At the same time, the Debtor does not possess the capacity or the resources to contest the Project Foreclosures. Eventually, the Project Lenders will be able to realize upon their collateral and the Debtor will be vulnerable to the resulting Guaranty Claims. The DIL/CF Transactions will have the effect of reducing the creditor pool and simultaneously augmenting the return to creditors.

11.     The Debtor has been able to successfully negotiate a DIL/CF Transaction on behalf of MBC III, a Delaware limited liability company ("**MBC III**") with First Midwest Bank (the "**First Midwest DIL**"). MBC III is the owner of a subdivision consisting of fifty six (56) partially improved lots in Kendall County, Illinois (the "**MBC III Kendall Parcels**"). As a result of the First Midwest DIL, the estate will be relieved of approximately $1.3 million in Guaranty Claims arising under that certain Personal Guaranty dated January 10, 2005.[2]

12.     The Debtor is in receipt of a written appraisal prepared by Holcer Company on behalf of First Midwest in September 2009 (the "**Holcer Appraisal**"). The Holcer Appraisal

---

[2] First Midwest is also a Project Lender for a separate Montalbano Project located in Kendall County, Illinois adjacent to the MBC III Kendall Parcels. Montalbano Builders, Inc. ("**MBI**") is the owner of this project (the "**MBI Kendall Parcels**"). The Debtor has commenced negotiations with First Midwest for the DIL/CF Transaction covering the MBI Kendall Parcels. The Debtor intends to consummate the DIL/CF Transactions for the MBC III Kendall Parcels and the MBI Kendall Parcels simultaneously. This will enable the Debtor to obtain the release of the entirety of the Guaranty Claims held by First Midwest. The Debtor believes the Guaranty Claims for the MBI Kendall Parcels total nearly $7.0 million.

encompasses both the MBC III Kendall Parcels and the MBI Kendall Parcels. The Holcer Appraisal values these projects at $4,205,000 in the aggregate.[3]

13. The First Midwest DIL will be effectuated by the Agreement (the "**First Midwest DIL Agreement**") substantially in the form of Exhibit A attached hereto, but subject to further revisions.[4] The First Midwest DIL Agreement contains minimal undertakings and representations and is designed to effectuate the First Midwest DIL with little or no recourse to MBC III or the estate.

14. Accordingly, the Debtor requests authority from the Court, in his capacity as the manager or managing member of MBC III to complete the negotiations and ultimately consummate the First Midwest DIL pursuant to the First Midwest DIL Agreement and the Ancillary Documents.

15. In addition, the Debtor presently seeks blanket authority from the Court, in his capacity as the manager, managing member or the principal officer of the Montalbano Entities, as the case may be, to effectuate the DIL/CF Transactions pursuant to the procedures outlined herein. Attached hereto as Exhibit B is a complete listing of each of the Montalbano Entities, the Montalbano Projects and the Project Lenders the Debtor believes may give rise to the DIL/CF Transactions. As in the case of First Midwest, the Debtor will seek the release of all Guaranty

---

[3] The pro rata amount attributable to the MBC III Kendall Parcels is approximately $1.26 million.

[4] The First Midwest DIL Agreement includes a series of ancillary agreements to be utilized to convey the Montalbano Project (the "**Ancillary Documents**"). The Ancillary Documents are exhibits to the First Midwest DIL Agreement. The Ancillary Documents include a Covenant Not to Sue in favor of the Debtor, which encompasses the Guaranty Claims, and in favor of MBC III. The Ancillary Documents also include a Release in favor of First Midwest of all claims held by the Debtor and MBC III in connection with the Project Borrowing.

84859.3 1/13/10                                5

Claims held by a particular Project Lender, which may require the consummation of multiple DIL/CF Transactions.[5]

16.  Whenever possible, the Debtor intends to utilize the First Midwest DIL Agreement as a template for the negotiation of the other deed-in-lieu transactions for which authority is sought herein. The Debtor believes that having the First Midwest DIL Agreement serve as a template will minimize the cost to the estate and expedite the completion of the subject transactions. The Debtor recognizes however that certain of the Project Lenders may prefer to utilize their own set of documents and that it will not be possible to utilize the First Midwest DIL Agreement as a template in every instance.

B.  **DIL/CF Procedures**

17.  The Debtor proposes that the Court authorize the following procedures to implement the DIL/CF Transactions (the "**DIL/CF Procedures**"):

> (a)  Not less than ten (10) days prior to the closing of the DIL/CF Transaction, the Debtor will send notice via facsimile, overnight mail or ECF (the "**DIL/CF Notice**") in the form attached hereto as Exhibit C to the twenty (20) largest unsecured creditors of the estate, the office of the United States Trustee, and the additional parties who have appeared in the Chapter 11 Case (the "**DIL/CF Notice Recipients**").
>
> (b)  The DIL/CF Notice will set forth: (i) a general description and the location of the Montalbano Project which is the subject of the DIL/CF Transaction;

---

[5] The Debtor is unable to state with certainty which of the Project Lenders will proceed with the DIL/CF Transaction or the exact status of a number of the Project Foreclosures. As such, Exhibit B is a comprehensive list which may include projects where the DIL/CF Transaction will not be pursued.

               (ii) the identity of the Project Lender; (iii) the outstanding balance of the Project Borrowing; and (iv) the estimated value of the Montalbano Project and the source for the value given.[6]

(c)     The Notice Recipients will have three (3) business days from receipt of the DIL/CF Notice to object to the DIL/CF Transaction. Any such objection must be in writing, must be filed with the clerk of the Court and must be served upon counsel for the Debtor.

(d)     Should a Notice Recipient file an objection, the Debtor shall have the option of electing not to proceed with the DIL/CF Transaction or coming before this Court and requesting a further hearing to consider the approval of the DIL/CF Transaction (the "**DIL/CF Hearing**"). In the event the Debtor requests that the Court conduct the DIL/CF Hearing, the Debtor will provide not less than three (3) days prior notice of the scheduled hearing to the objecting party, and upon any notice recipient who request to be notified of the DIL/CF Hearing. Failure of the objecting party to appear at the continued hearing will result in the deemed withdrawal of the objection for want of prosecution.

(e)     If no objection is timely filed, the Debtor is authorized to consummate the DIL/CF Transaction without further act, deed, notice or order of Court.

---

[6] As part of the DIL/CF Transaction, the Project Lenders will be requested to provide any recent appraisals or other valuations in their possession.

III. **LEGAL STANDARDS**

18. Section 363 of the Code provides that the Debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the Estate." 11 U.S.C. § 363(b). To approve the use, sale or lease of property outside the ordinary course of business, there must be "some articulated business justification." See Fulton State Bank v. Schipper, 933 F.2d 513, 515 (7th Cir. 1991); Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983); see also Stephens Inc., v. McClung, 789 F.2d 386, 389-90 (6th Cir. 1986); In re Abbott Dairies of Pa., Inc., 788 F.2d 143, 145-47 (3d Cir. 1986); In re Telesphere Communications, Inc., 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999); and In re Delaware & Hudson Rv. Co., 124 B.R. 169, 175-76 (D. Del. 1991).

19. Once a valid business justification made in the ordinary course of business is established, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" In re S.N.A. Nut Company, 186 B.R. 98, 102 (Bankr. N.D. Ill. 1995); see also In re Johns-Manville Corp., 60 B.R. 612, 615-616 (Bankr. S.D.N.Y. 1986) ("a presumption of reasonableness attaches to a debtor's management decisions"). Similarly, a court will defer the debtor's judgment to make a sale outside the ordinary course of business pursuant to Section 363, when the debtor has "sound business reasons for making the sale." Schipper, 933 F.2d at 515.

20. Indeed, when applying the "business judgment" rule, courts show great deference to the debtor's decision-making. See Summit Land Co. v. Allen (In re Summit Land Co.), 13 B.R. 310, 316 (Bankr. D. Utah 1981). Accordingly, the relief requested in this Motion should be

granted if the Debtor demonstrates a sound business justification therefore. See Schipper, 933 F.2d at 515; In re Lionel Corp., 722 F.2d at 1071; In re Delaware Hudson Rv. Co., 124 B.R. 169 at 179.

21. The Debtor believes it has presented sufficient grounds for approving the First Midwest DIL, after weighing the absence of equity in the Montalbano Project owned by MBC III against the amount of the Guaranty Claims being released. Under these circumstances, there is simply no appreciable downside to proceeding with the First Midwest DIL.

22. Moreover, there is ample justification for allowing the Debtor to effectuate the DIL/CF Transactions without further act, deed, notice or order of Court pursuant to the DIL/CF Procedures. First, it would be a costly endeavor and waste of estate funds to force the Debtor to come in to Court each and every time it seeks to enter into a DIL/CF Transaction. The Debtor is instead convinced it would be infinitely more efficient to obtain the entry of a single order generally authorizing the Debtor to enter into such arrangements, predicated upon the safeguards embodied in the DIL/CF Procedures. Second, the estate will benefit substantially to the extent that the Debtor is released from the Guaranty Claims. The potential reduction of the creditor pool more than justifies the relief requested herein in the face of the Project Foreclosures and the lack of resources to defend them.

23. Accordingly, the Debtor has determined, based upon the exercise of his business judgment, that proceeding with the DIL/CF Transactions for the Montalbano Entities in exchange for a release of the Guaranty Claims is in the best interest of the estate and his creditors.

IV.    **NOTICE AND REQUEST FOR RELIEF**

24.    The Debtor has provided seven (7) days written notice of this Motion via facsimile, overnight mail or ECF (as applicable), together with a copy of the Motion and all exhibits thereto, to the following parties: the United States Trustee's Office in this District, all counsel of record in the Chapter 11 Case, counsel for the Project Lenders, the Internal Revenue Service and the twenty (20) largest unsecured creditors. The Debtor asserts that the notice provided of this Motion is appropriate and sufficient under the circumstances and requests that any further notice requirement be waived and/or reduced in accordance with Rules 2002(a)(2) and 9006(c).

WHEREFORE, Anthony P. Montalbano, Sr., debtor and debtor in possession herein, requests the entry of an order in the form attached hereto: (i) authorizing the Debtor to effectuate the First Midwest DIL on behalf of MBC III pursuant to the First Midwest DIL Agreement and the Ancillary Documents; (ii) authorizing the Debtor to effectuate DIL/CF Transactions in accordance with the DIL/CF Procedures; (iii) approving the form of the DIL/CF Notice attached hereto; and (iv) awarding such other and further relief as is just and equitable.

Respectfully Submitted,

ANTHONY P. MONTALBANO, SR.

By:  /s/ Henry B. Merens
       One of His Attorneys

HOWARD L. ADELMAN, ESQ. (ARDC #0015458)
HENRY B. MERENS, ESQ. (ARDC #6181695)
STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
312-435-1050
Attorneys for the Debtor