UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                              §
                                    §
MONTALBANO SR., ANTHONY P.          §        Case No. 09-30477
                                    §
         Debtor(s)                  §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

     Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Joseph A. Baldi, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

     The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
> Jeffrey P. Allsteadt
> Clerk of the U.S. Bankruptcy Court
> 219 S. Dearborn, 7th Floor
> Chicago, Illinois  60604

     Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee.  A hearing on the fee applications and any objection to the Final Report will be held at :
> 10:30 a.m., on Wednesday, December 10, 2014
> in Courtroom  613, U.S. Courthouse
> 219 S. Dearborn St., Chicago, IL

  If no objections are filed, upon entry of an order on the fee applications, the Trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____              By: <u>Kenneth Gardner</u>
                                                    Clerk of Bankruptcy Court


*Joseph A. Baldi*
*20 N. Clark St. Suite 200*
*Chicago, IL 60602*

UST Form 101-7-NFR (10/1/2010) *(Page: 1)*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: §
§
§
MONTALBANO SR., ANTHONY P. §     Case No. 09-30477
§
§
Debtor(s) §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

The Final Report shows receipts of $

and approved disbursements of $

leaving a balance on hand of[1] $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000014 | Palos Bank and Trust Company | $ | $ | $ | $ |
| 000015 | Palos Bank and Trust Company | $ | $ | $ | $ |
| 000016 | JPMorgan Chase Bank, N.A. | $ | $ | $ | $ |
| 000032 | Steeplechase Partners LLC | $ | $ | $ | $ |
| 000035A | Bank of Commerce | $ | $ | $ | $ |
| 000037A | Republic Bank of Chicago | $ | $ | $ | $ |
| 000041A | Republic Bank of Chicago | $ | $ | $ | $ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) (Page: 2)

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000042A | Lyon Financial Services, Inc. d/b/a US Bancorp Bus | $ | $ | $ | $ |
| 000043 | First American Bank A/S/T Town Community Bank | $ | $ | $ | $ |

Total to be paid to secured creditors    $_____

Remaining Balance    $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Attorney for Trustee Expenses: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Accountant for Trustee Fees: FROST RUTTENBERG & ROTHBLATT, P.C. | $ | $ | $ |
| Accountant for Trustee Expenses: FROST RUTTENBERG & ROTHBLATT, P.C. | $ | $ | $ |
| Fees: Office of the U.S. trustee <B>(ADMINISTR | $ | $ | $ |
| Other: International Sureties | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Attorney for Fees: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Attorney for Expenses: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Accountant for Fees: FROST RUTTENBERG & ROTHBLATT, P.C. | $ | $ | $ |
| Accountant for Expenses: FROST RUTTENBERG & ROTHBLATT, P.C. | $ | $ | $ |
| Other: ADELMAN & GETTLEMAN | $ | $ | $ |
| Other: ADELMAN & GETTLEMAN | $ | $ | $ |
| Other: JOSEPH A. BALDI, Trustee | $ | $ | $ |
| Other: McGurn, Michael | $ | $ | $ |
| Other: McGurn, Michael | $ | $ | $ |

Total to be paid for prior chapter administrative expenses    $_____

Remaining Balance    $_____

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Miszkowicz, Mark L. | $ | $ | $ |
| 000003A | Cannon, George | $ | $ | $ |
| 000004 | Lombardo, Kelly | $ | $ | $ |
| 000005 | Williams, Robert W. | $ | $ | $ |
| 000006 | Paves, Gwen | $ | $ | $ |
| 000007 | JOHN GIOCOMELLI | $ | $ | $ |
| 000008 | Possidoni, John A. | $ | $ | $ |
| 000009 | Rizzo, Robert A. | $ | $ | $ |
| 000010 | Timothy D Morris | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000011A | Blackmon, Annette | $ | $ | $ |
| 000012 | Murray, Julie A. | $ | $ | $ |
| 000013 | Linda Markegard | $ | $ | $ |
| 000017 | Cifilia, Dan | $ | $ | $ |
| 000018 | Sapienza, Thomas | $ | $ | $ |
| 000019 | McGurn, Michael | $ | $ | $ |
| 000024 | Illinois Department of Employment Security | $ | $ | $ |
| 000025 | Illinois Department of Employment Security | $ | $ | $ |
| 000028 | Wenzel, Michael R. | $ | $ | $ |
| 000029 | Vanderzanden, Jim | $ | $ | $ |
| 000033 | Jock, Jennifer | $ | $ | $ |
| 000048 | Montalbano, Michele | $ | $ | $ |
| 000049 | Chapman, Althea | $ | $ | $ |
| 000050 | Van Zuidam, Brenda | $ | $ | $ |
| 000051 | Roppolo, Raymond R. | $ | $ | $ |
| 000052 | JOHN GIOCOMELLI | $ | $ | $ |
| 000053 | Montalbano Jr., Anthony | $ | $ | $ |
| 000054 | Henry Tony A Gentile | $ | $ | $ |
| 000055 | US Dept of Labor | $ | $ | $ |
| 000056 | Department of the Treasury | $ | $ | $ |
| AUTO | Internal Revenue Service | $ | $ | $ |
| AUTO | Internal Revenue Service | $ | $ | $ |

Total to be paid to priority creditors $_____

Remaining Balance $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $              have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000002 | Hersey, Aerni, & Associates | $ | $ | $ |
| 000003B | Cannon, George | $ | $ | $ |
| 000011B | Blackmon, Annette | $ | $ | $ |
| 000020 | Cole Taylor Bank | $ | $ | $ |
| 000021 | MB Financial Bank, N.A. | $ | $ | $ |
| 000022 | SA Group Properties Inc | $ | $ | $ |
| 000023 | Accountemps | $ | $ | $ |
| 000026 | Sherie M Owens | $ | $ | $ |
| 000027 | First Midwest Bank | $ | $ | $ |
| 000030 | KeyBank National Association | $ | $ | $ |
| 000031 | First Bank | $ | $ | $ |
| 000034 | RBC Real Estate Finance Inc. | $ | $ | $ |
| 000035B | Bank of Commerce | $ | $ | $ |
| 000036 | Susan Montalbano | $ | $ | $ |
| 000037B | Republic Bank of Chicago | $ | $ | $ |
| 000038 | Signature Bank | $ | $ | $ |
| 000039 | Signature Bank | $ | $ | $ |
| 000040 | Bank of America, N.A. | $ | $ | $ |
| 000041B | Republic Bank of Chicago | $ | $ | $ |
| 000042B | Lyon Financial Services, Inc. d/b/a US Bancorp Bus | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000044A | Harris N.A. | $ | $ | $ |
| 000045 | Thomas & Lori A Hoeft | $ | $ | $ |
| 000046 | FDIC as Receiver | $ | $ | $ |
| 000057 | Hersey, Aerni & Associates | $ | $ | $ |

    Total to be paid to timely general unsecured creditors    $_____

    Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/ _____
Joseph A. Baldi, Trustee

*Joseph A. Baldi*
*20 N. Clark St. Suite 200*
*Chicago, IL 60602*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.